UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

Crim. No. 2:25-cr-00131-cr

MATTHEW STRONG,
Defendant.

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, MATTHEW STRONG, agree to the following in regard to the disposition of pending criminal charges.

1. MATTHEW STRONG agrees to waive Indictment and plead guilty to Count One of an Information charging him with wire fraud, in violation of 18 U.S.C. § 1343.

2. MATTHEW STRONG understands, agrees and has had explained to him by counsel that the crime to which he will plead guilty is a felony for which the Court may impose the following sentence: up to 20 years of imprisonment, pursuant to 18 U.S.C. § 1343; up to a three-year period of supervised release, pursuant to 18 U.S.C. § 3583(b); up to a $250,000 fine or twice the gross gain or loss, whichever is greater, pursuant to 18 U.S.C. § 3571(b) and (d); and a $100 special assessment. MATTHEW STRONG further understands that the Court must order full restitution to the victims of the offense in an amount determined by the Court, pursuant to 18 U.S.C. § 3663A.

3. MATTHEW STRONG agrees to plead guilty because he is, in fact, guilty of the above crime.

4. MATTHEW STRONG stipulates to, agrees with, and admits the following facts:

1

a. Between 2021 and continuing through 2023, MATTHEW STRONG was the owner and operator of East Coast Van Builds ("EVCB"). STRONG orchestrated a scheme to defraud customers of ECVB of hundreds of thousands of dollars. STRONG obtained money and property from the customers of ECVB in order to use the money and property for his own use. STRONG did this by lying to customers about his use of the funds intended to be used for work on their vans. STRONG took money from the customers and used it for his own purposes and deposited monies into accounts in banks located in the District of Vermont. STRONG did this to at least ten customers.

b. STRONG represented to ECVB customers that ECVB was working on the conversion process of certain customers' vans. However, many ECVB vans were not meeting the milestones in the conversion process. Instead, STRONG collected the initial deposits and then did not communicate with the customers. This would often occur for months at a time. On many occasions, STRONG would not communicate with the customers until the customers themselves made multiple attempts to communicate with STRONG, usually in the form of wire communications including but not limited to email communications or telephone calls. ECVB customers were located in the District of Vermont and other states including, but not limited to, New Hampshire, New York, Delaware, Maine, and Maryland. ECVB customers used banks in those states and elsewhere to send money to ECVB.

c. On certain occasions, in furtherance of his scheme, STRONG sent misleading photographs to customers to suggest that progress had been made on their vehicles

when no such progress had in fact been made. For example, Strong painted the interior of one customer's van, photographed it, and then sent the photographs to different customers who were demanding progress reports on their conversion project. STRONG's purpose in doing this was to mislead the customers that their van was being worked on and painted when, in fact, their van was in the same or substantially the same condition as when the customer first dropped it off with ECVB.

d.  In furtherance of STRONG's scheme to defraud, on or about March 28, 2022, a wire in the amount of approximately $10,000 was sent from Victim 1's bank account in Lebanon, New Hampshire to ECVB's account in the District of Vermont; and on or about April 22, 2022, a wire in the amount of approximately $41,170.26 was sent from Victim 1's bank account in Lebanon, New Hampshire to ECVB's account in the District of Vermont.

e.  As a result of this scheme, STRONG caused ECVB customers to suffer a loss of at least approximately $477,501.53.

f.  Therefore, STRONG committed wire fraud in violation of 18 U.S.C. § 1343.

5.  MATTHEW STRONG acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he

3

will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

6. MATTHEW STRONG fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

7. MATTHEW STRONG fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. MATTHEW STRONG acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. MATTHEW STRONG understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous,

4

those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

8. MATTHEW STRONG agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. MATTHEW STRONG agrees to pay the special assessment at the time of sentencing.

9. MATTHEW STRONG agrees to the following regarding restitution in this case:

    a. MATTHEW STRONG agrees to pay full restitution for all losses caused by all the schemes or offenses with which he was charged in this case, and he understands that, pursuant to 18 U.S.C. § 3663(a)(3), the amount of restitution will not be limited to the loss attributable to the count to which he is pleading guilty.

    b. MATTHEW STRONG understands that the Court will not consider his economic circumstances in determining the restitution amount. MATTHEW STRONG agrees to pay restitution in an amount to be set by the Court when ordered, but in no event less than $477,501.53, based on information known to the parties at this time, and may be higher depending on evidence available at the time of sentencing.

    c. MATTHEW STRONG understands that the restitution described above creates a lien in favor of the United States on all property and rights to property he may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. MATTHEW STRONG further understands the government will record a notice of the lien in any county where he resides or has property. MATTHEW STRONG further understands that this order of restitution cannot be discharged in bankruptcy and that if he defaults on the payment of restitution, the Court may

5

revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence him, hold him in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

d. At any time before or after a judgment is entered in this case and until the financial obligation is paid in full, MATTHEW STRONG agrees to complete, under penalty of perjury, a financial statement provided by the United States, and provide supporting documents, and to update that statement with material changes within seven days of the change. MATTHEW STRONG understands that he must identify all assets and financial interests valued at more than $1,000. MATTHEW STRONG further understands that these assets and financial interests include all assets and financial interests in which he has an interest, direct or indirect, whether held in his own name or in the name of another, in any property, real or personal. MATTHEW STRONG expressly authorizes the United States to obtain a credit report on him at any time before or after sentencing in order to evaluate his ability to satisfy any financial obligation imposed by the Court.

e. MATTHEW STRONG agrees to surrender assets he obtained as a result of his crimes, and release funds and property under his control to pay any restitution. MATTHEW STRONG further agrees to notify the United States before transferring any interest in property owned directly or indirectly by him, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. MATTHEW STRONG also agrees to notify the United States of any interest in property he may obtain, directly or indirectly, which is valued at more

than $1,000, and which includes any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the restitution is paid in full. MATTHEW STRONG understands that his disclosure obligations are ongoing and are in force from the execution of this agreement until MATTHEW STRONG has satisfied the restitution order in full.

f.  MATTHEW STRONG agrees that any fine or restitution imposed by the Court against him will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. In the event that the Court imposes a schedule for payment of restitution, MATTHEW STRONG agrees that such a schedule represents a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. MATTHEW STRONG further understands that the government may seek immediate collection of the entire restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office, and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property he receives may be offset and applied to federal debts. MATTHEW STRONG understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

10. MATTHEW STRONG acknowledges that, under certain circumstances, he is entitled to appeal his conviction and sentence. After consulting with counsel, the defendant agrees that he

7

will not file a direct appeal, or collaterally attack, his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §2255. Nor will he pursue such an appeal or collateral attack to challenge the Court's sentence as described in the following terms. The waiver covers the term of imprisonment imposed by the Court if that term does not exceed 12 months. This waiver also covers the conditions and duration of any term of supervised release of 3 years or less, any fine of $100,000 or less, any order of restitution of $500,000 or less, and any order of forfeiture of $500,000 or less. The defendant expressly acknowledges that he is knowingly and intelligently waiving his rights to appeal or collaterally attack his conviction and sentence. Nothing in this waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

*MS*   11. MATTHEW STRONG recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. MATTHEW STRONG nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

12. The United States agrees that in the event that MATTHEW STRONG fully and completely abides by all conditions of this agreement, the United States will:

      a. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4, between 2021 and the end of

8

2023, committed by him in the District of Vermont relative to defrauding customers of ECVB;

b.  recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

c.  move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13. If the United States determines, in its sole discretion, that MATTHEW STRONG has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. MATTHEW STRONG understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14. The United States and MATTHEW STRONG stipulate and agree that the United States is entitled to forfeiture of a money judgment in an amount of $477,501.53. MATTHEW STRONG

agrees that the forfeiture of the money judgement shall not be deemed as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose in addition to forfeiture. The United States agrees that the proceeds from any property forfeited pursuant to this agreement may be subsequently remitted or restored to a victim, and such remission or restoration shall be offset against any restitution order entered or issued by the Court. MATTHEW STRONG understands that remission and restoration of such forfeited assets to victims of the offense is not guaranteed.

15. MATTHEW STRONG agrees that by entering into this plea agreement, he voluntarily and knowingly waives any challenge in any manner, including by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this plea agreement, including challenges under the Fifth and Eighth Amendments to the United States Constitution (including claims of double jeopardy, cruel and unusual punishment, an excessive fine, a disproportionate punishment, or a violation of due process), the Court's failure to comply with any and all requirement of Federal Rule of Criminal Procedure 11(b)(1)(J), and any and all requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MATTHEW STRONG acknowledges and agrees that by pleading guilty and waiving his right to a jury trial, he is also waiving his right to retain the jury for purposes of forfeiture as outlined in Federal Rule of Criminal Procedure 32.2(b)(5). MATTHEW STRONG acknowledges and agrees that he has no constitutional right to a jury trial on the forfeiture of assets, and waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. MATTHEW STRONG further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

16. MATTHEW STRONG and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the appropriate term of imprisonment the Court should impose is no more than 12 months and 1 day of imprisonment. Under this agreement, the Court retains discretion with all other aspects of the sentence, including the fine, the restitution, and the term of supervised release. The defendant further understands that if the court rejects the plea agreement on the agreed upon sentencing stipulation, the United States may deem the plea agreement null and void.

17. It is understood and agreed by the parties that should MATTHEW STRONG's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States, and he may be prosecuted for any and all offenses otherwise permissible. MATTHEW STRONG also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

18. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

19. MATTHEW STRONG expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, IAN CARLETON, Esq. MATTHEW STRONG further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, MATTHEW STRONG expressly states that he is fully satisfied with the representation provided by his attorney, IAN CARLETON, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines

11

(including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

20. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
First Assistant Acting United States Attorney

11/18/25
Date

By: ~~ZACHARY B. STENDIG~~ David Golubock
Assistant U.S. Attorney

11/17/25
Date

MATTHEW STRONG
Defendant

I have read, fully reviewed and explained this agreement to my client, MATTHEW STRONG. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

11/18/25
Date

IAN CARLETON
Counsel for the Defendant

12